UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES WILLIAMS, IV,

      Plaintiff,

v.                                     Civil Action 3:22-cv-256
                                        Judge Thomas M. Rose
                                        Magistrate Judge Chelsey M. Vascura

CHRIST MEDICAL CENTER, *et al.*,

      Defendants.

## OPINION AND ORDER

Plaintiff, James Williams, IV, an Ohio state inmate proceeding without the assistance of counsel, brings this action against a hospital, the Federal Bureau of Investigation, and John and Jane Does. On November 2, 2022, this Court denied Plaintiff's application for leave to proceed *in forma pauperis* due to Plaintiff's "three-striker" status under 28 U.S.C. § 1915(g) and the absence of any plausible allegations that would satisfy the statutory exception for prisoners who are "under imminent danger of serious physical injury." (ECF No. 11.) Plaintiff was accordingly ordered to pay the $402.00 filing fee within 30 days. (*Id.*) Plaintiff was further cautioned that "failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action." (*Id.*)

To date, Plaintiff has failed to comply with the Court's Order of November 2, 2022. He has neither paid the filing fee nor requested an extension of time to do so.[1] Under the

---

[1] Plaintiff did file a document on November 14, 2022, asserting that the filing fee had been paid in full in this and numerous of his other pending cases in this Court. (ECF No. 12.) However, the

circumstances presented in the instant case, the Court dismisses Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Order instructing him to pay the $402 filing fee. (*See* ECF No. 11.) Moreover, the Court explicitly cautioned Plaintiff that failure to

---

Clerk's Office has no record of receiving payments for filing fees in this case or any of Plaintiff's other cases.

2

comply would result in dismissal of this action. (*Id.*) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's orders, the Court concludes that no alternative sanction would protect the integrity of the pretrial process.

Accordingly, this action is **DISMISSED WITH PREJUDICE** under Rule 41(b). The Clerk of Court is **DIRECTED** to close this case. As a result, Plaintiff's remaining pending motions (ECF Nos. 1, 6–8) are **DENIED AS MOOT**. Further, in light of this Court's finding that Plaintiff is a vexatious litigator (*see* Case No. 2:22-cv-3814, ECF No. 9), the Court **ORDERS** Plaintiff not to file any further documents in this case and **DIRECTS** the Clerk to accept no further filings from Plaintiff in this case, with the exception of any notice of appeal.

**IT IS SO ORDERED.**

*s/ Thomas M. Rose*
**THOMAS M. ROSE**
**UNITED STATES DISTRICT JUDGE**

**DATED: 12/20/2022**